23-7406
*Guaman-Pacheco v. Bondi*

BIA
Reid, IJ
A220 221 906/907

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of March, two thousand twenty-six.**

PRESENT:
> ROBERT D. SACK,
> RICHARD J. SULLIVAN,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

LUIS FAUSTINO GUAMAN-PACHECO, M.A.G.-V.,

> *Petitioners*,

> v.                                                        23-7406
>                                                            NAC

PAMELA BONDI, United States Attorney General,

> *Respondent*.[*]

_____

[*] The Clerk of Court is respectfully directed to amend the caption as set forth above.

_____

**FOR PETITIONERS:**     Reuben S. Kerben, Kerben Law Firm, P.C., Kew Gardens, NY.

**FOR RESPONDENT:**     Brian M. Boynton, Principal Deputy Assistant Attorney General; Paul Fiorino, Nancy E. Friedman, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioners Luis Faustino Guaman-Pacheco and his minor child, natives and citizens of Ecuador, seek review of a September 14, 2023 decision of the BIA affirming an April 5, 2022 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Louis Faustino Guaman-Pacheco, et al.*, Nos. A220 221 906/907 (B.I.A. Sept. 14, 2023), *aff'g* Nos. A220 221 906/907 (Immigr. Ct. N.Y.C. Apr. 5, 2022). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"Where, as here, the BIA's decision affirms the IJ's adverse credibility

2

finding without rejecting any portion of the Immigration Judge's decision, but emphasizing particular aspects of the reasoning, we review both decisions." *Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 262 (2d Cir. 2007). We review adverse credibility determinations "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), because "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id*. § 1158(b)(1)(B)(iii).

"We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's adverse credibility determination.

The IJ reasonably relied on inconsistencies and omissions in Guaman-Pacheco's testimony and written statement. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully.").

*First*, Guaman-Pacheco testified inconsistently as to whether he told anyone about his attack as a child or reported the incident to the police, first stating that he did not tell anyone or go to the police because he feared for his father's job, then later testifying that he told his uncle and went to the police. And his written statement omitted this alleged visit to the police, despite stating that he went to the police after a subsequent incident. The IJ reasonably found these inconsistencies and omissions probative, as the facts were material to Guaman-Pacheco's claim and his burden to prove that authorities were unable or unwilling

4

to protect him. *Hong Fei Gao*, 891 F.3d at 78–79 ("[I]n assessing the probative value of the omission of certain facts, an IJ should consider whether those facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances."). Guaman-Pacheco's explanations – that he was only twelve years old at the time of the incident and that he had a better relationship with his uncle than his parents – explained why he did not tell his parents at the time but did not explain his inconsistent statements decades later at the hearing and the omission from his written statement. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

*Second*, the IJ reasonably relied on omissions and inconsistency about the alleged incidents of physical abuse. Guaman-Pacheco's written statement omitted his own beatings by his employer after his son's beating and when he and his wife were packing to leave. His explanations – that he omitted these facts because he had been through "such similar incidents, so [he] thought it is not going to make any difference," and that he did punch his boss, but his boss also beat him

5

afterwards, Cert. Admin. R. at 143 – are plausible, but do not compel a conclusion that his statements are consistent or explain the omission of recent incidents, particularly as the beatings were material and the ones he included in his written statement occurred years earlier. *Majidi*, 430 F.3d at 80–81; *see also Jian Liang v. Garland*, 10 F.4th 106, 115 (2d Cir. 2021) (explaining that omitted fact was material because it was "centrally important" to the likelihood of future persecution).

Guaman-Pacheco now argues that the agency should not have required additional corroboration because he was credible, and that it failed to consider the evidence presented. However, as set forth above, the inconsistencies and omissions provide substantial evidence for the adverse credibility determination. *See Likai Gao*, 968 F.3d at 145 n.8. And where credibility is in question, the agency does not err in considering the lack of corroboration in assessing credibility. *See Malets v. Garland*, 66 F.4th 49, 57 (2d Cir. 2023) ("[I]t is well established that an applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." (internal quotation marks omitted and alteration adopted)). Moreover, the IJ addressed the documentary evidence, finding it insufficient to resolve discrepancies or establish

6

a pattern or practice of persecution. Guaman-Pacheco asserts that his country conditions evidence established that "child labor remains a problem in Ecuador" and that "indigenous individuals suffer from employment discrimination," Guaman-Pacheco Br. at 10, but this evidence does not resolve the credibility issues or establish that indigenous people are subject to harm constituting persecution in Ecuador, *see Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (internal quotation marks omitted)).

In sum, the inconsistencies and omissions provide substantial evidence for the adverse credibility determination. *See Likai Gao*, 968 F.3d at 145 n.8; *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive because asylum, withholding of removal, and CAT relief are all based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76.

For the foregoing reasons, the petition for review is **DENIED**. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7